RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Abo Obaida Hussein,            )  | No. CV 08-1839-PHX-DGC (MEA) |
| Petitioner,            )  | **ORDER** |
| vs.            )  |   |
| Dora B. Schriro, et al.,            )  |   |
| Respondents.            )  |   |

On October 6, 2008, Petitioner Abo Obaida Hussein, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). Petitioner did not pay the $5.00 filing fee but filed a deficient Application to Proceed *In Forma Pauperis* (Doc. #3).

By Order filed October 22, 2008 (Doc. #6), the Court denied Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #3) without prejudice and gave Petitioner 30 days from the filing date of the Order to either pay the $5.00 filing fee or file a completed Application to Proceed *In Forma Pauperis*.

On October 20, 2008, Petition filed a Motion for Help (Doc. #3), in which he asked the Court to help him by telling him what Respondent he should send copies to and how many copies he should send. Petitioner also asked for the Court to send him a copy of this Motion for Help. By Order filed November 7, 2008 (Doc. #9), the Court granted Petitioner's

**TERMPSREF**

1  Motion for Help to the extent that the Court answered his questions in the Order and directed
2  the Clerk of Court to send him a copy of his Motion for Help.

3        On November 3, 2008, Petitioner filed a new, completed Application to Proceed *In*
4  *Forma Pauperis* (Doc. #7). Then, on December 19, 2008, Petitioner filed a pleading entitled
5  "Requests Pending Review Petitioner Case" (Doc. #11).

6        The Court will deny Petitioner's "Requests Pending Review Petitioner Case" without
7  prejudice and call for an answer to the Petition.

**I.  Application to Proceed *In Forma Pauperis***

9        Petitioner's new Application to Proceed *In Forma Pauperis* (Doc. #7) indicates that
10 his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed
11 *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.  Petition**

13       Named as Respondent in the Petition is Dora B. Schriro. The Attorney General of the
14 State of Arizona is named as an Additional Respondent.

15       In his Petition, Petitioner challenges his judgment of conviction for four counts of
16 Sexual Conduct with a Minor, entered in the Maricopa County Superior Court in matter CR-
17 2003-006790-001DT. Petitioner was sentenced to a total of 52 years in prison.

18       Petitioner presents six grounds in the Petition in support of his request for habeas
19 relief:

20       (1)  "Violation of the Sixth Amendment right to effective counsel";
21       (2)  "5th and 14th Amendment violation of due process";
22       (3)  "Violation of 4th [&] 6th Amendments - Accesting [sic] of Counsel";
23       (4)  "Violation of Fifth, Sixth [&] Fourteenth Amendment rights taken in violation
24 of Miranda";
25       (5)  "Violation of the 4th Amendment - Rights to their person, houses, papers, etc.";
26 and
27       (6)  "4, 5, 6, 9 and 14 Amend., violation of due process : - 1. Absent, abuse, of

**TERMPSREF** 28

- 2 -

1  discr[e]tion of the rules 2. Discrimination of jud[g]ment - p[re]judice against defendant
2  3. [I]njustices, unfair, threatening, liberty, jeopardy defendant h[i]s own life."

3  Plaintiff alleges that he has not presented the issues in any of his grounds to the
4  Arizona Court of Appeals.  Although it appears that Petitioner has not properly exhausted
5  his grounds in the state courts as required, it also appears that Petitioner may now be
6  procedurally barred from seeking review in the state courts, and therefore, no additional state
7  remedies remain open to him.  In light of the possibility of procedural bar, a summary
8  dismissal would be inappropriate.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989)
9  (remanding where petitioner failed to exhaust claims and it was not clear whether claims
10 were procedurally barred).  An answer is therefore required.

11 **III.    "Requests Pending Review Petitioner Case"**

12 On December 19, 2008, Petitioner filed a pleading entitled "Requests Pending Review
13 Petitioner Case" (Doc. #11).  Petitioner starts out his pleading by stating: "Pursuant to 4. @
14 5th Amend of [] due process, also by Rule 45[] of Arizona Rules of the Civil Procedure.
15 Review the Case?  Until Petitioner find the fact missing[] transcripts of Superior Court
16 Record of the Court day[] October[] 25[,] 2005?"

17 At the end of Petitioner's pleading he writes in part: "Petitioner would like asking
18 Court to Pending Petitioner Review Case?  Until Petitioner find the facts of missing [] Trans
19 Transcripts of Superior[] record[] Court."

20 Although Petitioner's pleading is unclear, it appears that he is requesting that the
21 Court not review his case pending his finding unspecified facts from missing transcripts.
22 Petitioner's request will be denied without prejudice.

23 **IV.    Warnings**

24 **A.    Address Changes**

25 Petitioner must file and serve a notice of a change of address in accordance with Rule
26 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other
27 relief with a notice of change of address.  Failure to comply may result in dismissal of this

**TERMPSREF** 28

- 3 -

action.

**B.    Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #7) is **granted**.

(2)    Petitioner's request in his pleading entitled "Requests Pending Review Petitioner Case" (Doc. #11) is **denied without prejudice**.

(3)    The Clerk of Court **must serve** a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(4)    Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules

Governing Section 2254 Cases.

(5)  Petitioner **may file** a reply within 30 days from the date of service of the answer.

(6)  This matter is **referred** to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 17th day of February, 2009.

_____
David G. Campbell
United States District Judge

TERMPSREF

- 5 -