**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **ABO OBAIDA HUSSEIN,** ) <br> ) <br>      **Petitioner,** ) <br> ) <br>      v. ) <br> ) <br> **CHARLES L. RYAN and** ) <br> **ARIZONA ATTORNEY GENERAL,** ) <br> ) <br>      **Respondents.** ) <br> _____) | CIV 08-01839 PHX DGC (MEA) <br><br> REPORT AND RECOMMENDATION |

**TO THE HONORABLE DAVID G. CAMPBELL:**

On or about December 18, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 19) on May 15, 2009. Petitioner was granted three extensions of the time allowed to file a reply to the answer to his petition for habeas relief. On July 30, Petitioner was allowed until September 11, 2009, to file any traverse to the answer to the petition. Although not docketed until September 24, 2009, Petitioner's reply (Docket No. 27) to the answer to his petition for habeas relief was mailed September 11, 2009; accordingly, pursuant to the prison mailbox rule Petitioner's reply is timely filed. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 2382-83 (1988);

Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

**I Procedural History**

An indictment issued by a Maricopa County grand jury charged Petitioner with four counts of sexual conduct with a minor. Answer, Exh. A. Petitioner represented himself at his jury trial. Id., Exh. A. The jury found Petitioner guilty on the four counts charged in the indictment. Id., Exh. A. The jury also found the victim was under the age of fifteen at the time of the crimes. Id., Exh. A. Petitioner was sentenced to a consecutive mitigated sentence of 13 years imprisonment on each count of conviction. Id., Exh. A.

Petitioner took a direct appeal of his convictions and sentences and was appointed counsel to represent him in his direct appeal. Id., Exh. A. Petitioner's appointed counsel filed a brief averring to the Arizona Court of Appeals that he could find no legitimate issue to raise on Petitioner's behalf. Id., Exh. A. Petitioner did not file a pro se brief in his direct appeal. Id. at 3.

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision issued January 10, 2008. Id., Exh. A. Petitioner then sought translation assistance from the state Court of Appeals, which denied the request. Id., Exh. B. Petitioner did not file a motion for reconsideration of the decision affirming his convictions and sentences nor did he seek review by the Arizona Supreme Court. Id. at 3. Accordingly, the Arizona Court of Appeals issued the mandate affirming Petitioner's convictions

-2-

1 and sentences on March 5, 2008.  Id., Exh. C.

2          Petitioner has not filed any action seeking state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  The time for doing so has expired.

5          On October 6, 2008, Petitioner filed the pending action for federal habeas relief.  Petitioner contends his constitutional rights were violated because he was forced to choose between self-representation and representation by incompetent counsel.  Petitioner also asserts his Miranda rights were violated and that evidence was improperly seized in violation of his Fourth Amendment rights.  Petitioner also contends the state trial court made errors which violated his right to due process of law.  Additionally, Petitioner asserts his convictions must be reversed because he was denied translation services and access to competent counsel.

**II Analysis**

**Petitioner failed to properly exhaust his claims in the state courts and he has not shown cause for, nor prejudice arising from his procedural default of the claims such that the Court may consider the merits of the claims.**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991); Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007).  To properly exhaust a federal habeas claim, the petitioner must afford the state the

-3-

opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2008). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006); Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Cook v. Schriro, 538 F.3d 1000, 1025-26 (9th Cir. 2008), cert. denied, 129 S. Ct. 1033 (2009). If it is

clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., Woodford, 548 U.S. at 92-93, 126 S. Ct. at 2387. Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona courts. See Cook, 538 F. 3d at 1025-26; Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

**B. Cause and prejudice**

Federal habeas relief based on a procedurally defaulted claim may be granted if the petitioner can demonstrate cause and actual prejudice to excuse the petitioner's default of the claim. See House v. Bell, 547 U.S. 518, 535-36, 126 S. Ct. 2064, 2076 (2006); Dretke v. Haley, 541 U.S. 386, 392-93, 124 S. Ct. 1827, 1852 (2004).

"Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Cook, 538 F.3d at 1027.

> Ordinarily, cause to excuse a default exists if the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Examples of sufficient causes include a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable. Ineffective assistance of counsel may be cause to excuse a default only if the procedural default was the result of an independent constitutional violation. Put another way, so long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, the federal courts discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

Id. (internal citations and quotations omitted). See also Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial

-6-

disadvantage, infecting his entire trial with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). The petitioner must prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982).

**C. Fundamental miscarriage of justice**

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable

fact-finder could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

Petitioner failed to raise any claims in the Arizona Court of Appeals in his direct appeal. Petitioner did not pursue any state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Accordingly, Petitioner has failed to properly exhaust any federal habeas claims in the state courts. The time allowed for filing a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, has now expired. Therefore, Petitioner's claims are technically exhausted but procedurally defaulted.

In reply to Respondents' answer to his petition, Petitioner notes he is a refugee from Sudan, whose language is Sudanese, and that he has no experience with the United States' criminal justice system. Petitioner asserts the state trial court denied his request to "withdraw second counsel." Docket No. 27 at 2. Petitioner alleges the state trial judge violated his constitutional right to due process of law. Petitioner also contends he was and is wrongfully denied transcripts of his criminal proceedings.

With regard to his procedural default of his federal habeas claims, Petitioner contends his appellate counsel was ineffective and did not review all of the record in Petitioner's case. Id. at 3. Petitioner alleges he could not file a pro se brief in his appeal because he was denied an interpreter and a

complete transcript of his criminal proceedings. Petitioner further maintains he could not file a state action pursuant to Rule 32, Arizona Rules of Criminal Procedure, because he was denied full transcripts and the services of an interpreter, and because he had no knowledge of this avenue of post-conviction relief. Id. at 6.

Petitioner also argues that his state criminal proceedings violated his constitutional rights because he was denied a change of counsel, a speedy trial, a change of advisory counsel, "full record transcripts", "access to interpreter," and a hearing on his motion for a new trial.

Petitioner has not shown cause and prejudice with regard to his procedural default of his federal habeas claims in the state courts.

As stated supra, to satisfy the "cause and prejudice" test, Petitioner bears the burden of establishing that some "objective factor external to the defense impeded" his compliance with Arizona's procedural rules. House, 547 U.S. at 535-36 126 S. Ct. at 2076; Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005). Petitioner's pro se status and ignorance of the law do not satisfy the cause standard for overcoming his procedural default of his claims. See, e.g., Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Furthermore, Petitioner's unfamiliarity with the English language is insufficient to establish cause to excuse his procedural default because such alleged unfamiliarity is not external to his defense. See, e.g., Bonilla v. Hurley, 370 F.3d

-9-

494, 498 (6th Cir. 2004).

Allegedly ineffective assistance of counsel does not establish cause for the failure to properly exhaust a habeas claim in the state court unless the specific Sixth Amendment claim alleged to provide the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Tacho, 862 F.2d at 1381. Additionally, "[a]ttorney error does not constitute cause to excuse a procedural default unless counsel's performance was constitutionally deficient." Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004). See also Coleman, 501 U.S. at 755, 111 S. Ct. at 2567 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation").

Even if Petitioner could show cause for his procedural default of his claims, Petitioner has not established prejudice arising from his default of his claims.

Petitioner contends he was denied the effective assistance of trial counsel. Petitioner alleges his appointed defense counsel did not investigate his case; *inter alia*, Petitioner asserts the victim's father convinced his daughter to lie about Petitioner's guilt because the father seized and cashed Petitioner's paycheck. Id. at 16-17. Petitioner contends he repeatedly told his counsel that the victim and her parents were manufacturing the allegations against him and that Petitioner had evidence of these witnesses' dishonesty. Id. at 20.

-10-

Petitioner contends both his first and his second appointed counsel encouraged him to accept a plea agreement based on the strength of the government's evidence but Petitioner refused because he was not guilty. Id. at 17 & 22. Petitioner contends the trial court erred by refusing to remove his second counsel when this attorney "pushed" him to accept a plea agreement. Id. at 22. Petitioner alleges his second counsel was ineffective for failing to interview the victim's parents and the investigating detective.

The Magistrate Judge has thoroughly reviewed the record in this matter, including each document submitted by Petitioner in support of his claims. Petitioner has not established prejudice arising from the alleged errors of counsel. The testimony and evidence offered against Petitioner was comprehensive and the record reveals the trial court's and counsels' extensive efforts to accommodate Petitioner's concerns and his language difficulties.

**III Conclusion**

Petitioner has not shown cause for, nor prejudice arising from his procedural default of his federal habeas claims. Petitioner has not met his burden of establishing cause and prejudice, or that a fundamental miscarriage of justice will occur, if the Court does not consider the merits of his claims for relief.

-11-

**IT IS THEREFORE RECOMMENDED** that Mr. Hussein's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation

-12-

of the Magistrate Judge.

DATED this 26th day of October, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-13-